UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENNIE GIBSON,

                    Plaintiff,

          -against-

VARIOUS MEMBERS FROM THE OFFICE
OF MENTAL HEALTH, ET AL.,

                    Defendants.

23-CV-3474 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained in the Anna M. Kross Center on Rikers Island, brings

this action *pro se*. Because Plaintiff did not submit the $402.00 in filing fees with the complaint,

the Court understands Plaintiff to be seeking to proceed *in forma pauperis* ("IFP"), that is,

without prepayment of fees. Plaintiff is barred, however, under the "three-strikes" provision of

the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new action IFP

while he is a prisoner. *See Gibson v. Unknown Male Patients*, ECF 1:19-CV-0204, 10 (S.D.N.Y.

Dec. 23, 2019) (listing seven cases that count as strikes under the PLRA).[1]

    Section 1915(g) provides that:

    In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or
    more prior occasions, while incarcerated or detained in any facility, brought an
    action or appeal in a court of the United States that was dismissed on the grounds

---

    [1] The court listed the following dismissals as strikes: *Gibson v. Rice*, No. 94-CV-6431
(S.D.N.Y. Sept. 7, 1994) (dismissed as frivolous under 28 U.S.C. § 1915(d)); *Gibson v.
Martines*, No. 98-CV-7100 (S.D.N.Y. Oct. 8, 1998) (dismissed as frivolous under 28 U.S.C.
§ 1915(e)(2)(B)(i)); *Gibson v. Unknown Grp. of Clinical Psychiatrist & Psychologist for Mid-
Hudson*, No. 99-CV-11323 (S.D.N.Y. Mar. 16, 2000) (dismissed for failure to state a claim under
Section 1915(e)(2)(B)(ii)); *Gibson v. Latella*, No. 99-CV-11322 (S.D.N.Y. Mar. 16, 2000)
(same); *Gibson v. Richochet Towing*, No. 00-CV-3084 (S.D.N.Y. Apr. 21, 2000) (dismissed as
frivolous under former Section 1915(d)); *Gibson v. Legal Aid Soc'y*, No. 01-CV-1332 (E.D.N.Y.
May 11, 2001) (dismissed as frivolous under Section 1915(e)(2)(B)(i)); *Gibson v. City
Municipality of New York*, No. 10-4896-pr (2d Cir. Apr. 4, 2011) (appeal dismissed as frivolous).

that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff sues numerous judges, prosecutors, and private individuals regarding events occurring prior to his arrest and incarceration. Plaintiff is therefore barred from filing this action IFP.[3]

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[4] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury. *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff is also barred under 28 U.S.C. § 1651 from filing any new action IFP without first obtaining from the court leave to file. *See Gibson v. City Comm'r of New York City Police*, ECF 1:19-CV-2676, 10 (S.D.N.Y. June 25, 2019). Although Plaintiff appears to seek leave to file this action (*see* ECF 1, at 2), the Court concludes that this action is not a departure from Plaintiff's pattern of frivolous and non-meritorious litigation. Thus, even if Plaintiff was not barred under Section 1915(g), the Court would still dismiss the complaint pursuant to the bar order under Section 1651.

[4] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   May 4, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge