UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BENNIE GIBSON,

                        Plaintiff,

          -against-

VARIOUS MEMBERS FROM THE OFFICE
OF MENTAL HEALTH, ET AL.,

                      Defendants.

23-CV-3474 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On May 4, 2023, the Court dismissed the complaint under the Prison Litigation Reform Act's "three strikes rule." *See* 28 U.S.C. § 1915(g). The order of dismissal and judgment were entered on the court's docket on May 5, 2023. (ECF 2,3.) On May 19, 2023, the Court received from Plaintiff a letter with the subject line "Never submitted a 1983 only permission to file," in which he appears to challenge the May 4, 2023, dismissal order. (ECF 4, at 1.)[1]

The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b) *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from Plaintiff's submissions. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

A.  **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his motion, Plaintiff states that he "never submitted a title 42 U.S.C.A. 1983 motion to proceed in forma pauperis" but he instead submitted only "permission to file." (ECF 1, at 1.) Plaintiff filed this action while he was detained at the Anna M. Kross Center ("AMKC") on Rikers Island.[2] Because Plaintiff did not submit the $402.00 in filing fees with the complaint, the Court determined Plaintiff was seeking to proceed *in forma pauperis* ("IFP"), that is, without

---

[2] Public records maintained by the New York City Department of Correction show that Plaintiff remains detained at AMKC. *See* https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf.

2

prepayment of fees. The Court dismissed the action because Plaintiff is barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any new IFP action while he is a prisoner. *See Gibson v. Unknown Male Patients*, ECF 1:19-CV-0204, 10 (S.D.N.Y. Dec. 23, 2019) (listing seven cases that count as strikes under the PLRA). In a footnote, the Court noted that due to a history of frivolous and non-meritorious litigation, Plaintiff is also barred under 28 U.S.C. § 1651 from filing any new action IFP without first obtaining permission from the court to file. The Court determined that even if Plaintiff's complaint were construed as a request for leave to file under the Section 1651 bar order, such permission would be denied because this action is not a departure from his pattern of frivolous and non-meritorious litigation. Thus, the Court explained, even if Plaintiff was not subject to the Section 1915(g) bar, the Court would still dismiss this action under the Section 1651 bar order.

To the extent Plaintiff argues that the complaint should not have been dismissed because he did not submit an IFP application, but instead sought leave to file the complaint, his argument fails. Plaintiff is barred from proceeding IFP under both Section 1915(g) and Section 1651. Because he did not pay the filing fees at the time be filed the complaint, the Court construed the complaint as being filed IFP and dismissed the complaint under the bar orders. In dismissing the complaint, the Court considered and rejected Plaintiff's request for leave to file. As stated in the Court's order of dismissal, Plaintiff may bring his claims by filing a new civil action and paying the required fees at the time of filing.[3]

---

[3] As noted in the Court's order, if Plaintiff refiles this action while he is a prisoner, the complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner, even if the fees are paid, if the complaint "(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

For these reasons Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.     Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

For the reasons discussed above, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

**C.     Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 4) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 23, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge